IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>QUYEN SAM HA<br>d/b/a Bonsai,<br><br>                Defendant. | No. 20-CR-129-NDF<br><br>Count 1:  18 U.S.C. § 1343<br>             (Wire Fraud)<br><br>Count 2:  18 U.S.C. § 371<br>             (Conspiracy to Defraud the<br>             Government) |

# INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

**A.    Introduction**

       1.     Point of Sale (POS) computer systems are used by restaurants to facilitate point-of-sale transactions. POS systems keep track of dates and times, customers, servers, tables, orders, payments, and refunds. All transactions are recorded in a database maintained by the POS software in real-time which allows database operations to conveniently perform any type of calculation, *e.g.*, to calculate monthly revenues.

       2.     In a restaurant setting, when an order is placed, it is input through a POS terminal, which forwards the order to the kitchen and creates a record of the order in the electronic computer files of the POS system. When the transaction is completed and the customer pays for the meal, the POS system records how the meal was paid for (*i.e.*, by cash, check, or credit card), and the order is then closed out on the POS system. The POS system generally captures and stores information regarding sales, including sales by item and sales by certain time periods including by day, week, month, and by year.

3. The data captured by POS systems can generate sales reports, and it can be exported to computer spreadsheets which can be used to compute taxes owed to the IRS, to the State, and to other taxing authorities.

4. In POS systems, each sales transaction is assigned a unique transaction number. The data for each transaction should be immutable, *i.e.*, it should not be modifiable. If a sale is voided or a return is made, the original sales transaction should be preserved and a new one should be generated to indicate the final outcome. All user and administrative functions should be logged.

5. Government taxing authorities have granted businesses the option of determining their tax obligations based on calculations derived from the electronic database maintained by the POS system, subject to the condition that electronic sales data be complete and accurate, and that it be furnished to the agencies on request in case of an audit. Use of a POS system obviates the need to maintain physical receipts for tax purposes. The use of electronic sales records as the basis for calculating taxes is convenient and cost-effective, but the integrity of the system depends on comprehensive logging and on the immutability of the data.

6. Some POS systems have companion software programs known as Revenue Suppression Software (RSS), Cash Suppression Software or, colloquially, a "Zapper" program. An RSS is a software program used to modify a business' POS database for the purpose of tax evasion by eliminating or substantially reducing cash sales transactions. When executed, the RSS program deletes all or some of the business' cash transactions, then reconciles the books of the business without them. The result is reconciled business records that appear to be complete and accurate but, in fact, are false and fraudulent in that the records show less than the business' true income.

7. The *only* purpose of an RSS program is to create false business records. Use of RSS to defraud taxing authorities is illegal and is prohibited in the State of Wyoming. Specifically, Wyoming Statute § 39-15-108(f)(ii) makes it a felony for any person to knowingly, with the intent to evade the imposition, collection, reporting or remittance of sales tax, sell, purchase, install or transfer any automated sales suppression device, zapper or phantom-ware.

8. The income received by Wyoming's Department of Revenue from the sales taxes collected from businesses like the Defendant's restaurant goes into the State of Wyoming's General Fund. Each business in Wyoming that collects sales taxes from their customers must file a Wyoming state sales tax return every month. On that return, businesses report their prior month's gross receipts, and the Wyoming sales tax form calculates the total sales taxes due to the State based on those reported gross receipts. The due date for the collected sales tax and the state tax returns is on the last day of the month following the month when the reported gross receipts are collected from the business' customers. Each business can file on paper (via U.S. Mail) or electronically on the Department of Revenue's website. Businesses also have an option to pay by check or by an Automated Clearing House (ACH) electronic transfer. ACH electronic transfers are payments authorized to be made automatically from a "sender" account in a bank (here, an account belonging to the taxpayer business) to a receiver's account in a bank (here, an account belonging to the taxing authority) upon the occasion of a regularly occurring triggering event (here, the filing of the business' monthly sales tax return).

**B.   Scheme and Artifice to Defraud**

9. Beginning at a time unknown, but within the past five years and continuing at least through January 31, 2017, within the District of Wyoming and elsewhere, the Defendant, **QUYEN SAM HA,** knowingly participated in a scheme and artifice to defraud the United States Department

of the Treasury Internal Revenue Service (IRS) and the Wyoming State Department of Revenue (WSDR), and to obtain, and to facilitate the obtaining of, money and property by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

10. The essence of the scheme and artifice to defraud was that the Defendant, **QUYEN SAM HA,** used the RSS with a POS to substantially underreport Bonsai's cash sales and Bonsai's income. The Defendant's false representations caused the IRS and WSDR to levy and collect significantly lower taxes than the amount actually owed.

### C.  Manner and Means of the Scheme and Artifice to Defraud

11. In November of 2005, the Defendant, **QUYEN SAM HA,** and others known and unknown, opened the restaurant Bonsai in Rock Springs, Wyoming. The Defendant installed a POS system at Bonsai to track its sales.

12. It was part of the scheme and artifice to defraud that the Defendant used an RSS program on Bonsai's POS software in order to manipulate and falsely lower sales tax data by suppressing the correct reporting of cash sales. This underreporting of cash sales directly affected the accuracy of the restaurant's accounting reports by falsely reporting lower sales to the IRS and the WSDR. The resulting business records generated on the basis of the false sales data purposely concealed substantial income earned in the Defendant's restaurant, Bonsai, which in turn resulted in a tax liability that was substantially lower than that which the restaurant would have incurred had it accurately reported its true and correct sales data.

13. It was a further part of the scheme and artifice to defraud that the Defendant routinely submitted or caused to be submitted the false business records generated on the basis of the false restaurant sales data to government taxing authorities such as the IRS and the WSDR.

14. It was a further part of the scheme and artifice to defraud that the Defendant, on behalf of his restaurant Bonsai, electronically sent, via e-mail, fraudulent gross receipt information generated by his use of the RSS program on his POS software to his accountant in Wyoming. The accountant subsequently electronically transmitted fraudulent sales tax returns and federal tax returns reflecting the incorrect gross receipt information to the IRS and WSDR.

15. It was a further part of the scheme and artifice to defraud that the Defendant's submission of false business records and false tax returns was done solely for the purpose of paying less than the legally-mandated taxes.

16. It was a further part of the scheme and artifice to defraud that in conjunction with causing the submission of false and fraudulent sales and income tax returns to the State of Wyoming and to the United States Department of the Treasury, the Defendant would also cause tax payments to be made to the State of Wyoming and to the IRS via wire transfers through the ACH system, which involved the routing of the tax payments from the Defendant's accounts in Wyoming through the Federal Reserve Bank in Atlanta, Georgia, and thereafter to the Wyoming Department of Revenue accounts in the Wells Fargo Bank in Wyoming and to the IRS. Such tax remittances were significantly less than the amounts actually due and owing by the Defendant because of his use of the RSS software to falsely understate the actual revenue received by the restaurant during the relevant month.

17. During the course of executing the scheme and artifice to defraud, from 2006 through January of 2017, the Defendant deprived both the United States Department of the Treasury and the State of Wyoming of tax revenues to which they were entitled.

## **COUNT ONE**

The allegations of paragraphs 1-17 are incorporated herein by reference.

**D.     Execution of the Scheme and Artifice to Defraud**

18.     For the purpose of executing the scheme and artifice to defraud, the Defendant did knowingly transmit and caused to be transmitted, by wire communication in interstate commerce, the following writings, signs, signals, pictures and sounds, each of which represented an electronic transfer reflecting an underpayment of the sales taxes actually due and owing to the State of Wyoming based on the Defendant's false and fraudulent representations, and which were transmitted in interstate commerce over the wires between the Defendant and his accountant, and consequently from the accountant, through the Federal Reserve Bank in Atlanta, Georgia, and ultimately to the Wyoming State Department of Revenue, to wit:

| BONSAI'S DEFICIENT PAYMENTS TO THE STATE OF WYOMING FOR COLLECTED SALES TAXES JANUARY 2015 - DECEMBER 2016 | | | | |
|---|---|---|---|---|
| # | WIRE | STATE RETURN | DATE RECEIVED | PAYMENT |
| 1 | ACH Debit | Jan. 2015 | 02/14/2015 | $6,445.62 |
| 2 | ACH Debit | Feb. 2015 | 03/15/2015 | $5,516.90 |
| 3 | ACH Debit | Mar. 2015 | 04/15/2015 | $6,086.53 |
| 4 | ACH Debit | Apr. 2015 | 05/15/2015 | $5,339.79 |
| 5 | ACH Debit | May 2015 | 06/15/2015 | $5,867.53 |
| 6 | ACH Debit | Jun. 2015 | 07/15/2015 | $5,143.12 |
| 7 | ACH Debit | Jul. 2015 | 08/15/2015 | $5,890.86 |
| 8 | ACH Debit | Aug. 2015 | 09/15/2015 | $5,865.19 |
| 9 | ACH Debit | Sep. 2015 | 10/15/2015 | $5,008.32 |
| 10 | ACH Debit | Oct. 2015 | 11/14/2015 | $5,323.50 |
| 11 | ACH Debit | Nov. 2015 | 12/15/2015 | $4,635.18 |
| 12 | ACH Debit | Dec. 2015 | 01/15/2016 | $4,746.28 |
| 13 | ACH Debit | Jan. 2016 | 02/15/2016 | $6,085.43 |
| 14 | ACH Debit | Feb. 2016 | 03/15/2016 | $5,785.61 |
| 15 | ACH Debit | Mar. 2016 | 04/16/2016 | $6,508.64 |
| 16 | ACH Debit | Apr. 2016 | 05/13/2016 | $5,677.78 |
| 17 | ACH Debit | May 2016 | 06/15/2016 | $5,218.33 |
| 18 | ACH Debit | Jun. 2016 | 07/15/2016 | $4,643.08 |

| 19 | ACH Debit | Jul. 2016 | 08/15/2016 | $4,423.10 |
|----|-----------|-----------|------------|-----------|
| 20 | ACH Debit | Aug. 2016 | 09/15/2016 | $4,492.22 |
| 21 | ACH Debit | Sep. 2016 | 10/15/2016 | $4,592.88 |
| 22 | ACH Debit | Oct. 2016 | 11/15/2016 | $4,636.30 |
| 23 | ACH Debit | Nov. 2016 | 12/15/2016 | $3,390.22 |
| 24 | ACH Debit | Dec. 2016 | 01/15/2017 | $4,061.52 |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## COUNT TWO

The United States re-alleges and incorporates by reference Paragraphs 1 through 18 as if fully set forth herein.

19.     Beginning at a time unknown but no later than January 2006 and continuing through January 31, 2017, within the District of Wyoming, and elsewhere, the Defendant knowingly and intentionally did conspire, combine, confederate and agree with the RSS provider and with others, known and unknown, to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the United States Department of the Treasury in the ascertainment, computation, assessment and collection of the revenue, to wit, federal income taxes.

**A.     Manner and Means of the Conspiracy**

20.     In addition to the Manner of Means set forth in Paragraphs 11 through 18 and incorporated herein by reference, it was also a part of the conspiracy that the Defendant submitted, or caused to be submitted, the RSS-generated false and fraudulent business records as true and correct business records when filing corporate income tax returns, and thereby substantially underpaid the federal income tax then due and owing.

**B.     Overt Acts of the Conspiracy**

7

21. In furtherance of the conspiracy and in order to accomplish the objects thereof, the Defendant and his co-conspirators performed one or more of the following overt acts, including but not limited to:

22. Beginning in January 2006 and continuing through or about January 31, 2017, in the District of Wyoming and elsewhere, the Defendant, **QUYEN SAM HA**, did alter and manipulate - and cause to be altered and manipulated - the information in the POS system used at his restaurant Bonsai in order to falsely and fraudulently underrepresent the reported cash sales, and then did remove from the business a corresponding amount of cash - representing the difference between the restaurant's actual cash sales and the lower amount reflected in its false POS records - prior to its being deposited and reported as gross receipts to his accountant in Wyoming.

23. In the years from 2006 through January of 2017, the Defendant filed false and fraudulent United States S Corporation Income Tax Returns, specifically Form 1120S, for the restaurant, each of which significantly understated his restaurant's taxable income for the prior calendar year. The additional federal taxes due on the Defendant's underreported taxable income for the twelve tax years 2006 through January 2017 was approximately $1,028,358.71.

All in violation of Title 18, United States Code, Sections 371 and 2.

**DATED** this _____ day of June, 2018.

                        MARK A. KLAASSEN
                        United States Attorney

              By: _____
                    STEPHANIE I. SPRECHER
                    Assistant United States Attorney